UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE ANDRZEJEWSKI,

      Plaintiff,

v.                               CIVIL NO. 06-11242
                                HON. LAWRENCE P. ZATKOFF

METROPOLITAN LIFE INSURANCE
COMPANY,

      Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 13, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion for Summary Judgment, filed on September 13, 2006. Plaintiff has admitted that he is not able to bring forth a legitimate argument in opposition to Defendant's motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

## II. BACKGROUND

On March 17, 2000, Plaintiff obtained a disability insurance policy from Defendant. Plaintiff alleges that he suffered a work-related injury on July 15, 2000, and became totally disabled on November 15, 2000. Plaintiff submitted a disability claim to Defendant on January 31, 2001. On March 28, 2001, Defendant denied the claim. On April 2, 2002, Plaintiff initiated an appeal of the denial. Plaintiff's appeal was denied on July 29, 2002. Plaintiff brought the instant suit in Oakland County Circuit Court on February 22, 2006, and Defendant removed the case to this Court on March 23, 2006.

## III. LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings combined with the affidavits in support show that no genuine issue as to any material fact remains and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted). In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has

met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial.  *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324.  The non-moving party must do more than show that there is some metaphysical doubt as to the material facts.  It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment.  *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

## IV.  ANALYSIS

Defendant notes that the policy at issue contains the following provisions:

> **Written Proof of Loss**.  Written proof of loss must be sent to us within 90 days after the end of a period for which you claim benefits.  If that is not reasonably possible your delay will not affect your claim.  But, except in cases of legal incapacity, written proof must be given within one year.
>
> ***
>
> **Legal Actions**.  No legal action may be brought until 60 days after written proof of loss has been given.  No such action may be brought after 3 years from the time written proof of loss is required to be given.

Defendant's Exh. E.

Defendant notes Plaintiff's disability allegedly began in November 2000.  Thus, he was required to provide proof of loss by February 2001, and the contractual statute of limitations expired in February 2004.  However, Plaintiff did not bring suit until February 2006.  Therefore, Defendant argues that Plaintiff's suit is barred by the contractual statute of limitations.

Pursuant to Michigan law, parties may set contractual statutes of limitations.  *Santino v. Provident Life & Accident Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2001).  Furthermore, Plaintiff has admitted that he has no legitimate response to Defendant's argument.  Therefore, Plaintiff's claim fails as a matter of law.


## V.  CONCLUSION

For the above reasons, Defendant's Motion for Summary Judgment is GRANTED.

Plaintiff's action is HEREBY DISMISSED with prejudice.

IT IS SO ORDERED.

> s/Lawrence P. Zatkoff
> LAWRENCE P. ZATKOFF
> UNITED STATES DISTRICT JUDGE

Dated:  October 13, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 13, 2006.

> s/Marie E. Verlinde
> Case Manager
> (810) 984-3290